LENA STAGL, Respondent, v. HOLLAND BUILDING COMPANY, Garnishee of CHARLES STAGL, Appellant.

St. Louis Court of Appeals, November 28, 1899.

1. **Alimony:** GARNISHMENT TO COLLECT: NO FRAUD: EVIDENCE INSUFFICIENT. Lena Stagl, divorced from Charles Stagl, had against him a money judgment for alimony; she garnished appellant building company; it answered and denied any indebtedness to Stagl; respondent replied that appellant company was indebted to Stagl, who was doing business under the style of the Columbia Electric Engineering Company for the purpose of defrauding his creditors. The evidence showed indisputably that the money used to establish and operate the electric company of which Stagl was manager

Stagl v. Stagl.

was the money of his second wife, Wilhelmina Stagl, and that he had no money invested in the company whatever: Held, that the electric company of which Stagl was manager and his wife was owner could not be made to pay its manager's debts when the evidence was clear that the company was in no way aiding him not to do so, and its conduct at the same time being fair and without the suspicion of fraud.

2. ———: ———: WIFE'S BUSINESS: CREDITORS. The law could not compel Charles Stagl to work for his creditors, and it permitted him to give all his time and energy to his wife's business although his intent might be to earn nothing that could be seized and appropriated by them.

Appeal from the St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

REVERSED.

*Boogher & Taylor* for appellant.

(1) The court instructs you that if you believe from the evidence that some time about the month of April, 1897, certain money of Minnie Stagl, wife of Charles Stagl, was put into the business theretofore belonging to and conducted by Charles Stagl, and if you further believe from the evidence, that said money was intended either as a loan or as a gift of so much money by said wife to said husband, to put into his business, then your verdict must be in favor of the plaintiff. This instruction is erroneous, in that it assumes as a fact that the business had been theretofore conducted by Charles Stagl, which fact was controverted by plaintiff. Bergman v. Railroad, 104 Mo. 90; Moore v. Hawk, 57 Mo. App. 495. (2) The court instructs you that there is nothing in the case of Minnie Stagl, plaintiff, v. Holland Building Company and others, defendants, referred to in the evidence, which constitutes of itself in law a defense of this proceeding. It was error to give this instruction. It points out a single fact, or piece of evidence, and discusses its weight. Steinwender v. Creath,

44 Mo. App. 356; Benjamin v. Metropolitan St. Ry., 50 Mo. App. 602; Bond v. Reid, 53 Mo. App. 553; Ry. v. Union Stock Yard Co., 120 Mo. 541; Jones v. Jones, 57 Mo. 138. (3) The court instructs the jury, that although a husband may be indebted to creditors, he may without any fraud whatsoever upon such creditors, give to his wife without any charge whatsoever therefor, all his time, services and labor. This instruction the court refused to give on garnishee's request, but in its stead gave the following instruction: (4) The court instructs the jury that although a husband may be indebted to creditors, he may, without any fraud whatsoever upon such creditors, give to his wife without any charge whatsoever therefor, all his time, services and labor, provided he does so in good faith. The court having added the words, "provided he does so in good faith." The instruction as offered was a correct statement of the law; as given it is not and is erroneous. The husband is not compelled to work for his creditors; he may give all his time and energy to his wife's business if he so elects, even though his intent may be to earn nothing that his creditors may seize upon. Seay v. Hesse, 123 Mo. 450.

*John B. Reno, T. Percy Carr* for respondent.

(1) Upon the record it is manifest that the judgment is for the right party. State ex rel. v. Jones, 131 Mo. 194; Williams v. Mitchell, 112 Mo. 300; Phillipps v. Bachelder, 47 Mo. App. 52; Vaughn v. Daniels, 98 Mo. 230; Clark v. Waldron, 39 Mo. App. 21; Bank v. Armstrong, 92 Mo. 265; Bassett v. Glover, 31 Mo. App. 150; Fell v. Mining Co., 23 Mo. App. 216. (2) The matters alleged by appellant to be assumed in instructions given in behalf of plaintiff, following after the words "if you shall find and believe from the evidence" are not assumed, but are included among the facts the jury are to find. Morgan v. Wattles, 69 Ind. 260;

Stagl v. Stagl.

City of Logansport v. Justice, 74 Ind. 378; Chicago, etc., R. R. v. Wolf, 137 Ill. 360; Klutts v. Railroad, 75 Mo. 642; Blockman v. Cowan, 11 Mo. App. 589.

BLAND, P. J.—Lena Stagl, the respondent, is the divorced wife of Charles Stagl, against whom she had obtained a money judgment for alimony with an award of execution. Execution was issued and the appellant was garnished. It appeared, and in answer to interrogatories filed, denied any indebtedness to Charles Stagl, or that it was bound by any contract to pay him any money. Respondent by an amended reply to the answer of the garnishee, alleged that it was indebted to Charles Stagl, in that it was indebted to the Columbia Electric Engineering Company, and that the Columbia Electric Engineering Company was not a corporation, but purported to do business in said style with Charles Stagl as manager, for the purpose of hindering, delaying, defrauding and embarrassing the creditors of the said Charles Stagl, and especially the plaintiff, and that said Charles Stagl was in fact the owner and proprietor of the alleged Columbia Electric Engineering Company. To this reply a general denial was filed. The issues thus made up were submitted to a jury, who returned a verdict for plaintiff for $584. After an unavailing motion for new trial the garnishee appealed.

It appears from the evidence that Charles Stagl while engaged in business as the Stagl Electric Engineering Company, being unable to pay his debts made a general assignment for the benefit of his creditors. Shortly after this his wife, Lena Stagl, separated from him and brought suit against him for divorce, which she obtained with a monthly allowance of alimony. The failure of Charles Stagl to pay the alimony resulted in the judgment and execution, which furnished the foundation for the garnishment. After the assignment Stagl did some electric work on contract, and solicited orders for companies doing such work (earning,

however, but a scant living), until the formation of the Columbia Electric Engineering Company in the spring of 1897, which was formed under the following circumstances: Stagl married Wilhelmina Meyer. In March, 1897, she received an inheritance from the estate of her mother in Germany of $940.50. With this money she established the Columbia Electric Engineering Company, placing Charles Stagl in charge as manager, but made no contract or agreement with him as to salary or divisions of profits. She rented an office, furnished it, and purchased the necessary account books, and for a short time drew her individual checks for the funds to conduct the business, but finally as a matter of convenience, as she and her husband testified, she placed in bank what remained of her inheritance, $616.65, and $24 additional (received from her aunt), to the credit of the Columbia Electric Engineering Company, and gave her husband authority as manager of the company to draw on the deposit, which he did until it was all, or about all, exhausted. The evidence tends to show that Stagl, in the name of the Columbia Electric Engineering Company, made a contract with the Holland Building Company to put in the Holland Building, telephone wires, transmitters, etc. The contract was not produced on the trial, being lost, but both Stagl and J. A. Parker, secretary for the Holland Building Company, testified that it was reduced to writing and signed by Parker for the Holland Building Company, and by Stagl as manager for the Columbia Electric Engineering Company. The evidence is that Stagl superintended the work covered by the contract, received part of the pay therefor, but that a balance of about $600, remained due; that the Holland Building Company had gone into the hands of a receiver, and that the Columbia Electric Engineering Company had filed a mechanic's lien on the Holland Building for the balance due on the contract and had prosecuted the same to judgment. There is evidence in the record that G. H. Tenbroeck, President of the Holland

Building Company, told the respondent and her attorney that the garnishee would be owing Charles Stagl some money on the completion of, the contract, and that he promised to assist the respondent to get hold of it. In explanation of his promise and actions in the matter, Tenbroeck testified that he had not seen the contract; that he supposed and assumed that Charles Stagl was doing the job on his account, and that he was not aware at the time of the existence of the Columbia Electric Engineering Company. There is also testimony that Parker, the secretary, informed plaintiff before the garnishment was served, that the Holland Building Company was indebted to Stagl. There was testimony that Stagl told his divorced wife that he had married to beat her out of her alimony; testimony that she, before his second marriage, garnished persons with whom he had contracts for electric work, without realizing anything; testimony that Stagl spoke of the contract with the Holland Company as his contract and the money due as his money; but there is not a syllable of testimony to be found in the record contradicting the fact that the Columbia Electric Enginering Company was established and capitalized by Wilhelmina Meyer. On the contrary, the evidence is clear and convincing that all the capital that went into the company was her money. Nor is there a syllable of testimony that Charles Stagl put a single dollar in the company, or had a dollar to put into it. On the contrary, the testimony is conclusive and convincing that he was not able to support himself and wife before the formation of the company, and had no money. The company was but a trade name, not a corporation, and it was the trade name of Wilhelmina Stagl, not of Charles Stagl. He put nothing into it whereby his creditors could be hindered and delayed in the collection of their claims. All he had to put in, and all he did put in, was his labor and skill, these are not the subjects of garnishment. Their fruits, their products, their dues, when represented in

the shape of tangible property or subsisting debts, may sometimes be levied upon or impounded for debt, but there is no law to compel a debtor to work for his creditors. He may give all his time, all of his energies to his wife's business, although his intent may be to earn nothing that can be seized upon by his creditors; Seay v. Hesse, 123 Mo. 450, and it is of no significance in this case that Stagl's services were given to his wife without salary or the promise thereof. The admission of Tenbroeck inadvertently made to respondent to the effect that the Holland Company was or would be indebted to Charles Stagl, is not binding on his company. Admissions or declarations when made in ignorance of, or under a misapprehension of the true facts, do not estop the assertion of the truth discovered after the declaration was made, unless the opposite party relying on the truth of the admission has changed his condition, so that it would work to his injury to assert the truth. Lena Stagl did not acquire or lose any rights which she had in the judgment or its enforcement by reason of any reliance placed by her on the declarations of Tenbroeck. It is doubtless the moral duty of Charles Stagl to earn wages and apply them to the payment of his debts, and especially the alimony allowed his former wife, but courts are powerless to enforce this moral obligation by legal process. It was not within the power of the jury and circuit court to say to Wilhelmina Stagl, "it is your duty to pay your husband a salary for his services in the management of your business, to enable him to pay his debts. As you neglected to compensate him, we will force you to do so," and then thrust their hands into the treasury of the Columbia Electric Engineering Company and abstract therefrom her money to pay the judgment. Yet in effect this is just what the court and jury did do, under the guise of fraud, but without a ray of testimony to be found in the record tending to prove legal fraud. Wherefore the judgment is reversed. All concur.